Terry Jay **MEYERS,** Plaintiff–Appellant,

v.

Jim **POPE,** Sheriff; Don Van Buskirk, Captain; Caselica, Seargent; T. Seals, Sheriff; C. Oblinger, Deputy; Shasta County Board of Supervisors; and Carol Birch, Defendants–Appellees.

No. 06–16935.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed Dec. 16, 2008.

Mark R. Feeser, Esquire, Scott Frewing, Esquire, Baker & McKenzie, Palo Alto, CA, Terry Jay Meyers, Coalinga, CA, for Plaintiff–Appellant.

Monique Grandaw, Esquire, Gary Charles Brickwood, Esquire, Brickwood Law Office, Duane Timmons, Esquire, Brickwood & Underwood, Redding, CA, John H. Hagar, Jr., Esquire, Law Office of John Hagar, San Francisco, CA, for Defendants–Appellees.

Before: HUG, ROTH *, and CLIFTON, Circuit Judges.

## MEMORANDUM **

This case arises from Terry J. Meyers's confinement in Shasta County Jail's Administrative Segregation (Ad–Seg) unit for approximately nine months between February 2002 and December 2002. Meyers was in custody there as a civil detainee pursuant to California's Welfare and Institution Code § 6600—the Sexually Violent Predator Act (SVPA).[1] Meyers filed suit under 42 U.S.C. § 1983 seeking injunctive and monetary relief for violations of his constitutional rights during his confinement. The District Court ruled for defendants in two orders that Meyers now appeals: (1) the September 2006 order granting summary judgment and entering judgment for defendants on Meyers's Fourth, Fifth, Sixth, and Fourteenth Amendment claims;[2] and (2) the September 2004 order granting the defendants' motion to dismiss Meyers's Equal Protection claims. For the reasons that follow, we VACATE the district court's decisions, REMAND this matter for further proceedings, and INSTRUCT that counsel be appointed for Meyers on remand.

### I.

The District Court erred by holding that Meyers waived his due process rights. Under California Penal Code § 4002(b), a person held under the sexually violent predator laws during the specified semiannual hearings "shall be held in administrative segregation" which means "separate and secure housing that does not involve any deprivation of privileges other than what is necessary to protect the inmates and staff." The person may waive his right to administrative segregation, but if he does so and the waiver is granted, he

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. A person is subject to commitment under the SVPA if he or she "has been convicted of a sexually violent offense against one or more victims and ... has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." CAL. WELF. & INST.CODE § 6600(a)(1).

2. The district court purported to enter judgment on Meyers's access to the courts First Amendment Claim, but that claim was actually a Fourteenth Amendment claim. *See Hydrick v. Hunter,* 500 F.3d 978, 1000 (9th Cir. 2007). Meyers appeals only his Fourth and Fourteenth Amendment claims from that order.

"shall be placed with inmates charged with similar offenses or similar criminal histories." The medical unit to which Meyers was originally assigned had reasonable amenities, but the administrative unit to which he was transferred was very harsh with few of the normal privileges. Meyers was offered an opportunity to be moved from this administrative unit and to be housed with the regular penal inmates. He refused. He was never offered housing that met the statutory definition of administrative segregation. Meyers's refusal to waive his statutory right to be held in administrative segregation cannot be construed as a waiver of his due process right to be held in non-punitive conditions of confinement.

■ The district court's qualified immunity analysis was equally flawed. Qualified immunity shields government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Here, Meyers's substantive due process rights were clearly established in 2002. *See Hydrick v. Hunter,* 500 F.3d 978, 989 (9th Cir.2007) (holding that the law was clearly established, even in 1997, that civil detainees, including SVPs, should be detained in non-punitive conditions). The district court did not address Meyers's procedural due process claim. We thus vacate its grant of summary judgment for Meyers's Fourteenth Amendment due process claims—both substantive and procedural.

## II.

■ The district court also erred in entering judgment for defendants on Meyers's claim that the defendants violated his Fourteenth Amendment rights by denying him access to the courts. "The right of access to courts has been found to encompass the right to talk in person and on the telephone with counsel in confidential settings. . . ." *Hydrick,* 500 F.3d at 999. Here, Meyers adduced evidence that defendants monitored all of his telephone calls.

■ The district court further erred in entering judgment for defendants on Meyers's claim that the defendants violated his Fourth Amendment protection from unreasonable searches and seizures. A search violates the Fourth Amendment if it is "arbitrary, retaliatory, or clearly exceeds the legitimate purpose of detention." *Id.* at 993. Here, Meyers adduced evidence that, on a weekly basis, defendants forced him to strip naked and stand covered only with a blanket while his cell was searched. Moreover, on one occasion defendants ordered him from his cell and forced him to undergo a strip search, which involved a visual cavity search.

■ The district court erred in entering judgment for defendants on Meyers's Fourteenth Amendment right to privacy claim. The Fourteenth Amendment protects a "sphere of privacy" that includes the "naked body." *Id.* at 1000. It is the state's burden to show compelling justifications to support a policy that results in an invasion of a detainee's privacy. *Id.* at 1000 n. 17. Here, Meyers adduced evidence that defendants told him that females would watch him shower as soon as he began Ad–Seg detention and that it actually happened every day.

The district court erred in dismissing Meyers's equal protection claim. To survive a motion to dismiss, Meyers's complaint must have set forth an argument upon which a set of facts might have existed to show that during his confinement the discrimination against him was irrational

or arbitrary. *Id.* at 999. His complaint adequately presented this legal theory and there is a set of facts upon which he could sustain his claim.

Finally, because of the complexity of this case, we instruct the district court to appoint counsel to represent Meyers. *See Jones v. Blanas,* 393 F.3d, 918, 937 (9th Cir.2004).

We VACATE and REMAND.